UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0188(3) (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| JOE ANGEL PEÑA, | |
| Defendant. | |

Joe Angel Peña, pro se.

In 2013, defendant Joe Angel Peña pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. (Peña had been dealing drugs from a state prison in which he had been incarcerated for dealing drugs.) Because Peña had a previous felony drug conviction, he was subject to a mandatory minimum sentence of 20 years' imprisonment under the version of 21 U.S.C. § 841(b)(1)(A) that was in effect at the time. The range recommended by the Sentencing Guidelines (262 to 327 months) was even higher, due in part to the fact that Peña had accumulated a rather remarkable 41 criminal-history points. Peña was sentenced to 262 months in prison, and that sentence was affirmed on appeal. *United States v. Peña*, 593 F. App'x 594, 595 (8th Cir. 2015) (per curiam). In 2020, Peña brought a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 147, which this Court denied, ECF No. 152.

This matter is now before the Court on what Peña labels as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  But there are plainly no "extraordinary and compelling reasons" to reduce Peña's sentence.  Rather, Peña is attempting to use the vehicle of a compassionate-release motion to bring a second or successive motion under § 2255 without getting the permission of the United States Court of Appeals for the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).

*First*, Peña contends that his sentence was substantively unreasonable.  Peña is "essentially asking for a 'do-over' of his sentencing," and, as the Court has explained, the Court will not use its discretion under § 3582(c)(1) "to second-guess sentencing decisions made long ago."  *United States v. Logan (Logan II)*, 532 F. Supp. 3d 725, 731 (D. Minn. 2021).  That is particularly true when (as here) the defendant has already challenged the substantive reasonableness of his sentence—and lost—on direct appeal.  *Peña*, 593 F. App'x at 595–96.  In attacking the substantive reasonableness of his sentence, Peña seeks to use a compassionate-release motion to evade not just restrictions on bringing second or successive § 2255 motions, but the doctrine of collateral estoppel.  *See Riis v. Shaver*, 4 F.4th 701, 702–03 (8th Cir. 2021).

*Second*, Peña argues that the First Step Act's reduction of the mandatory minimum sentence for his offense from 20 years to 15 years provides an "extraordinary and compelling" reason for his release.  But that provision of the First Step Act does not

apply retroactively.  Last year, this Court held that it would generally not find that "a change in the *law* that occurs after a defendant is sentenced—but that is not made retroactively applicable to the defendant—provides an extraordinary and compelling reason to grant the defendant's motion for compassionate release."  *Logan II*, 532 F. Supp. 3d at 733.  Just days ago, the Eighth Circuit went even further and held that "a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)."  *United States v. Crandall*, No. 20-3611, 2022 WL 385920, at *4 (8th Cir. Feb. 9, 2022).

*Finally*, Peña argues that his state conviction for aggravated robbery in violation of Minn. Stat. § 609.245 should not have counted as a "crime of violence" for purposes of the career-offender provisions of the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.1(a).  Peña made this same argument in his § 2255 motion, and argued that his counsel was ineffective for not raising it at sentencing.  ECF No. 147.  But Peña's motion was denied as untimely.  ECF No. 152.  Peña's renewed attack on the legality of his sentence—now masquerading as a request for compassionate release—is nothing more than "an unauthorized successive motion to vacate, set aside, or correct a sentence."  *United States v. Fine*, 982 F.3d 1117, 1118–19 (8th Cir. 2020).[1]

---

[1]Peña's argument also appears to be wrong on the merits.  The Eighth Circuit has
(continued...)

The Eighth Circuit has been clear that it is improper for defendants to use compassionate-release motions to contest the legality or validity of their sentences. *Id.* at 1118 (noting a defendant cannot use compassionate-release motion as mechanism to challenge the validity of his sentence); *see also United States v. Logan (Logan I)*, No. 97-CR-0099(3) (PJS/RLE), 2020 WL 2194023, at *1 (D. Minn. May 6, 2020) ("§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." (quoting *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019))). As this Court has explained, "[t]o allow a defendant to use a compassionate-release request as yet another avenue to attack the legality or validity of a sentence would, as a practical matter, render nugatory the carefully crafted rules that govern those safeguards, such as rules about preserving issues for direct appeal, filing second or successive habeas petitions, and obtaining certificates of appealability." *Logan II*, 532 F. Supp. 3d at 732.

For these reasons, Peña's motion for compassionate release is denied.

---

[1](...continued)
held that aggravated robbery in Minnesota—both in the first degree and in the second degree—is a crime of violence. *See United States v. Pettis*, 888 F.3d 962, 965 (8th Cir. 2018) (simple robbery); *United States v. Redditt*, 965 F.3d 654, 656 (8th Cir. 2020) (per curiam) (first-degree aggravated robbery), *cert. denied*, 141 S. Ct. 1417 (2021); *United States v. Mork*, 786 F. App'x 74, 75 (8th Cir. 2019) (per curiam) (second-degree aggravated robbery). Peña appears to argue that this case law has been abrogated by *Borden v. United States*, 141 S. Ct. 1817, 1821 (2021). But that is an argument that Peña needs to pursue via a second or successive § 2255 motion, and Peña needs the permission of the Eighth Circuit to bring such a motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion [ECF No. 154] is DENIED.

Dated: February 11, 2022

Patrick J. Schiltz
United States District Judge